UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MIGUEL DE PAULA ARIAS, | ) | C/A NO. 4:21-2962-HMH-TER |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| V. | ) | ORDER |
| | ) | |
| WARDEN, F.C.I. WILLIAMSBURG, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

The Petitioner, Miguel De Paula Arias (Arias), filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. This matter is before the court on Arias's motion for leave to conduct discovery which was filed along with a response in opposition to Respondent's motion for summary judgment. (ECF No. 34).

This case involves an incident report against Petitioner at FCI Miami for violating Prohibited Act Code 229, Sexual Assault of Any Person. Petitioner received a hearing before a Disciplinary Hearing Officer (DHO), and he was found guilty as charged. Petitioner filed this action challenging the hearing before the DHO at FCI Miami, Florida, which resulted in a loss of twenty-seven days good conduct time, one day of disciplinary segregation, and six months loss of e-mail, visiting and commissary privileges. (ECF No. 1 at 4 of 7 and ECF No. 1-1 at 6 of 27).

Petitioner filed a motion for leave to conduct discovery along with his response in opposition to summary judgment.[1] (ECF No. 34 )."A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). However, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of [her] discretion and for good cause shown grants leave to do so, but not otherwise." Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C. foll. § 2254. "Such 'good cause' will exist when 'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.' " Wolfe v. Johnson, 565 F.3d 140, 165 n. 36 (4th Cir.2009) (quoting Bracy, 520 U.S. at 908–09) (omissions in original).

In this current motion, Petitioner alleges that the Special Investigative Services (SIS) conducted an investigation and issued a "report and recommendation related to the incident of October 15, 2019," which reveals that after talking with witnesses and investigating the allegations, they recommended that the sexual assault charge be downgraded to lesser charges that did not include sexual assault. As a result, Petitioner

---

[1] In this case, Arias previously filed a motion to compel discovery attaching 41 requests for production of documents. This motion to compel was denied on April 5, 2022. (ECF Nos. 24 and 29).

2

asserts that SIS issued a recommendation, which Petitioner also refers to as a "Superseding Incident report", recommending that Petitioner be charged with Prohibited Act Code 316, being in an unauthorized area, and Code 498, interfering with a staff member most like 409, unauthorized physical contact. Petitioner alleges that the DHO ignored the recommendation which he refers to as the "Superseding Incident report" reflecting downgraded charges. Petitioner argues that the DHO did not mention the SIS report in his hearing decision and made his determination on the written statement provided by Ms. Mirabal, the reporting officer, as the only basis for the conclusion that Petitioner committed sexual assault under Prohibited Act 229. Petitioner argues that he has established good cause to conduct discovery and "needs the documents that Petitioner requested from the Respondent as they pertain to the investigation that was done by the SIS investigators as they will show that the Petitioner did not commit any sexual assault against Ms. Mirabal and there was no evidence of same." (ECF No. 34 at 9 of 23). Within the motion for discovery, Petitioner lists seven documents that he is requesting if all the requests set out in his First Request for Production attached to his motion to compel is not granted by the court.

Respondent previously responded to Petitioner's Motion to Compel arguing that Petitioner has not established good cause for discovery. Further, Respondent argued

that "a prison disciplinary determination comports with due process if it is based on 'some evidence.' . . . This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. . ." (Citations omitted). Respondent filed a motion for summary judgment arguing that Petitioner fails to show a violation of due process in this action; fails to show he did not receive the safeguards delineated in Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). (ECF No. 10).

Following a review of the motion for leave to conduct discovery sought by Arias, the court finds that Arias has not shown good cause for discovery. Arias's discovery request is deficient. Although Arias has identified specific information sought, he has not demonstrated that such discovery would result in him being entitled to habeas relief on the disciplinary claim. As previously set forth, good cause for discovery under Rule 6(a) is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is[ ] entitled to relief." Bracy, supra. This Court fails to discern how the purported discovery he seeks is necessary for the resolution of this action. In a disciplinary hearing, as long as there is some evidence to support the decision, the decision will not be disturbed. Based on the arguments presented before the court, the DHO entered the decision identifying the specific evidence on which it relied in

4

reaching the decision. The record currently before the court is sufficient to evaluate the merits. Arias fails to demonstrate good cause to warrant discovery under Rule 6(a).

Accordingly, it is ORDERED that Arias's motion for leave to conduct discovery (ECF No. 34) is denied.

    IT IS SO ORDERED

                                        s/Thomas E. Rogers, III
May 24, 2022                       Thomas E. Rogers, III
Florence, South Carolina       United States Magistrate Judge