IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Miguel De Paula Arias, ) | |
| ) | C.A. No. 4:21-2962-HMH-TER |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Warden, F.C.I. Williamsburg, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Miguel De Paula Arias ("Arias"), a pro se federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. (§ 2241 Pet., ECF No. 1.) In his Report and Recommendation filed on May 24, 2022, Magistrate Judge Rogers recommends granting Respondent's motion for summary judgment and dismissing Arias' petition. (R&R, generally, ECF No. 38.) For the reasons stated below, the court adopts the Report and Recommendation, grants Respondent's motion for summary judgment, and dismisses Arias' petition.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

During the time period in question, Arias was incarcerated at FCI Miami. On October 15, 2019, Magdeline Mirabal ("Mirabal"), a BOP employee, completed an incident report detailing an encounter that she had with Arias earlier that day, wherein she alleges that he violated Prohibited Act Code 229, Sexual Assault of Any Person. (Mem. Supp. Summ. J. Ex. 1A (Incident Report), ECF No. 10-1); 28 C.F.R. § 541.3. The incident report provides as follows:

> At approximately 11:30 am, and during mainline, while I was translating to Mr. Jason Davis for an inmate, I felt someone stroke my right bottom behind from bottom to top. I then turned around and saw I/M De Paula Arias, Miguel No. 62165-004, [who] walked behind me inside the yellow line within the Commissary Area and [passed] by without looking at me. When I yelled at him saying "Hey," to confront him, he said "sorry." Mr. Jason Davis[] walked I/M De Paula Arias to the Lieutenant's Office.

(Id. Ex. 1A (Incident Report 1), ECF No. 10-1.) Arias was provided a copy of the incident report on November 13, 2019. (Id. Ex. 1A (Incident Report 2), ECF No. 10-1.) Arias was advised of his right to remain silent, and provided the following statement: "[n]o this report is not accurate. I am completely innocent of this charge." (Id. Ex. 1A (Incident Report 2), ECF No. 10-1.) The investigating officer stated in his report that "[b]ased on [Arias'] statement and evidence provided during [the] investigation, I find this report of Federal Bureau of Prisons Code 229 is correctly written." (Id. Ex. 1A (Incident Report 2), ECF No. 10-1.) The matter was then referred to a designated Unit Discipline Committee ("UDC") in accordance with 28 C.F.R § 541.7.[2]

---

[2] A UDC consists of two or more staff members with the authority to hold an initial hearing upon completion of an investigation concerning misconduct. 28 C.F.R § 541.7(b). The inmate is entitled to make a statement and to present documentary evidence on his own behalf at

A UDC hearing was held on November 14, 2019. (Mem. Supp. Summ. J. Ex. 1A (Incident Report 1), ECF No. 10-1.) During the hearing, Arias provided the following statement:

> She [Mirabal] was mad about me coming from behind her to [] going [sic] to work. I work in UNICOR. There was a lot of inmates around that area also a lot of staff. This happened during mainline chow and commissary. I never had any problem with female staff during my 2 year[s] here in this institution.

(Id. Ex. 1A (Incident Report 1), ECF No. 10-1.) The UDC forwarded the incident to the DHO for further processing "due to the severity of the charge." (Id. Ex. A (Incident Report 1), ECF No. 10-1.)

Arias was provided with a "Notice of Discipline Hearing Before the DHO" form on November 14, 2019. (Id. Ex. 1B (DHO Hearing Notice), ECF No. 10-3.) On the form, Arias indicated that he did not want a staff member to represent him at the hearing, but he did request one inmate witness, Mark Winnick ("Winnick"), to testify on his behalf. (Id. Ex. 1B (DHO Hearing Notice), ECF No. 10-3); (§ 2241 Pet. 5, ECF No. 1.) On November 18, 2019, the DHO hearing was conducted. (Id. Ex. 1D (DHO Report), ECF No. 10-5.) During the hearing, Arias confirmed that he (1) understood his rights, (2) had been provided a copy of the incident report, (3) did not want a staff member to represent him, and (4) did not wish to present any documentary evidence to the DHO. (Id. Ex. 1D (DHO Report 2), ECF No. 10-5.)

---

the UDC review. Id. § 541.7(e). After considering all of the evidence presented at the review, the UDC makes a decision "based on at least some facts," and if there is conflicting evidence, based "on the greater weight of the evidence." Id. The UDC may (1) determine that the inmate committed the prohibited act as charged and/or a similar prohibited act if reflected in the incident report, (2) determine that the inmate did not commit the prohibited act charged, or (3) refer the matter to a Discipline Hearing Officer ("DHO") for further review. Id. § 541.7(a). If an inmate is charged with a "Greatest or High severity prohibited act . . . the UDC will automatically refer the incident to the DHO for further review." Id. § 541.7(a)(4).

3

When given the opportunity to provide a statement, Arias stated that "I deny this completely. It is not in my DNA." (Id. Ex. 1D (DHO Report 1), ECF No. 10-5.) Winnick's testimony was summarized by the DHO as follows: "I was following Aries [sic] out of the unit. I did not see anything."[3] (Mem. Supp. Summ. J. Ex. 1D (DHO Report 1), ECF No. 10-5.)

The DHO found that Arias committed the prohibited act as charged. (Id. Ex. 1D (DHO Report 1), ECF No. 10-5.) In reaching this conclusion, the DHO placed great weight on the statement provided by Mirabal in her incident report. (Id. Ex. 1D (DHO Report 2), ECF No. 10-5); (§ 2241 Pet. Ex. A (Incident Report 2), ECF No. 1-1.) In addition, the DHO found Arias' statement denying guilt not credible because he "had much to lose by accepting responsibility or being truthful in this matter, whereas the reporting staff is under a legal obligation to report truthful and accurate facts." (Mem. Supp. Summ. J. Ex. 1D (DHO Report 2), ECF No. 10-5.) In addition, the DHO construed Arias' statement saying that he was "sorry" as an admission of guilt. (Id. Ex. 1D (DHO Report 2), ECF No. 10-5.) Accordingly, the DHO concluded that the greater weight of the evidence demonstrated that Arias had committed the prohibited act. (Id. Ex. 1D (DHO Report 2), ECF No. 10-5.)

The DHO sanctioned Arias by disallowing twenty-seven (27) days of good conduct time and imposing one day of disciplinary segregation, along with six-months' loss of email, visiting, and commissary privileges. (Id. Ex. 1D (DHO Report 3), ECF No. 10-5.) The DHO explained

---

[3] Arias asserts that the DHO mischaracterized Winnick's testimony in its report. (Objs. 7, ECF No. 40.) A review of the declaration of the witness reveals that he stated "at no time did I observe any physical contact between Mr. Arias and Officer Mirabal." (§ 2241 Pet. Ex. E (Winnick Decl. ¶ 11), ECF No. 1-1) (emphasis omitted). However, Arias admits that he "accidentally brush[ed] up on [Mirabal] while walking in a crow[d] of inmates and staff . . . ." (Objs. 16, ECF No. 40); (§ 2241 Pet. Ex. F (SIS Report), ECF No. 1-1.)

that the sanctions were imposed to hold Arias responsible and accountable for his actions. (Id. Ex. 1D (DHO Report 3), ECF No. 10-5.) The DHO report was completed following the hearing and a copy was provided to Arias on November 25, 2019. (Mem. Supp. Summ. J. Ex. 1D (DHO Report 3), ECF No. 10-5.)

On December 5, 2019, Arias appealed the DHO decision by filing a Regional Administrative Remedy Appeal to the Bureau of Prisons' ("BOP") Southeast Regional Office ("SERO"). (§ 2241 Pet. Ex. C (Regional Appeal ), ECF No. 1-1.) The SERO denied the appeal, finding that "[t]he required disciplinary procedures were substantially followed, the evidence supports the DHO's finding, and the sanctions were appropriate for the offense." (Id. Ex. C (Regional Appeal), ECF No. 1-1.)

On March 30, 2020, Arias appealed the SERO's decision to the BOP's Central Office. (Id. Ex. D (Central Office Appeal), ECF No. 1-1.) The Central Office denied the appeal, finding that the DHO's decision was "reasonable and supported by the evidence presented," and "the sanctions imposed were commensurate to the severity level of the offense committed and in compliance with policy." (Id. Ex. D (Central Office Appeal), ECF No. 1-1.) The Central Office also found that "[t]he declarations [] attached to [the] appeal were not presented to the DHO for consideration." (Id. Ex. D (Central Office Appeal), ECF No. 1-1.)

On September 14, 2021, Arias filed the instant petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. (§ 2241 Pet., ECF No. 1.) In his petition, Arias asserts the following grounds for relief:

> Ground One: The decision of the DHO should be vacated where DHO Hudson violated PS 5270.09 where he knowingly violated the Standards of Employee Conduct PS 3420.11 by issuing a false statement regarding the testimony of Mr. Winnick. His testimony was accurately summarized in his written declaration.

5

> DHO Hudson falsely stated that Winick [sic] "did not see anything[.]" Winnick's testimony and written [d]eclaration offered a clear and detailed statement of the events that transpired, and indicated no offense was committed.
>
> Ground Two: The decision of the DHO should be vacated where DHO Hudson violated PS 5270.09(5)(f) Evidence and 28 C.F.R. §541.8(f) Evidence when he refused to accept a copy of a Sworn Declaration under 28 U.S.C. §1746, that was favorable to Inmate De Paula Arias. When offered by the Petitioner at the hearing. See Exhibit "E". When Inmate De Paula Arias attempted to introduce the documentary evidence into the record, DHO Hudson stated, "I don't accept written statements."
>
> Ground Three: The decision of the DHO should be vacated where DHO Hudson failed to consider the Supplemental Investigative Report which was forwarded to DHO on or about November 13, 2019 by SIS Technician Lieutenant K. Andino, which including a *superseding incident report* dated November 13, 2019 (See Exhibit "F") wherein the Offense Code 229, was reduced to Codes 316 and 498, this properly charged offense was existent (sic) upon which to base a finding of guilt . . . .

(Id. 5-6, ECF No. 1.)

On November 4, 2021, Respondent filed a motion for summary judgment. (Mot. Summ. J., ECF No. 10.) On April 21, 2022, Arias submitted his response in opposition.[4] (Resp. Opp'n, ECF No. 33.) Respondent did not file a reply. On May 24, 2022, Magistrate Judge Rogers issued a Report and Recommendation recommending that the court grant Respondent's motion for summary judgment and dismiss the petition. (R&R, generally, ECF No. 38.) On the same day, Magistrate Judge Rogers issued an order denying Arias' motion to conduct discovery. (Order Denying Discovery, ECF No. 36). Arias filed timely objections to the Report and Recommendation and order denying his motion to conduct discovery.[5] (Objs., ECF No. 40.) This matter is now ripe for review.

---

[4] Houston v. Lack, 487 U.S. 266 (1988).

[5] Houston v. Lack, 487 U.S. 266 (1988).

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

**B. Due Process Standard**

Prisoners are entitled to limited procedural due process rights in prison proceedings to the extent a liberty interest is affected, "such as the loss of good time credits." Lennear v. Wilson, 937 F.3d 257, 268 (4th Cir. 2019) (citations omitted); Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In Wolff, the Court described the process due a prisoner accused of a disciplinary infraction: (1) the inmate must receive written notice of the charges at least twenty-four hours in advance of the hearing; (2) the evidence against the inmate must be disclosed; (3) the inmate is permitted to call witnesses and present documentary evidence in his defense unless it would be unduly hazardous to institutional safety or correctional goals; (4) a neutral and detached hearing body is required; and (5) there must be a written statement by the factfinder as to the evidence relied upon and the reasons for the decision. 418 U.S. at 559-66. "Procedural errors in disciplinary proceedings are subject to harmless error review." Lennear, 937 F.3d at 276. However, when "evaluating whether prison officials' failure to disclose or consider evidence was harmless, courts must determine whether the excluded evidence could have aided an inmate's defense." Id. at 277.

Substantive due process is satisfied if the decision of the disciplinary hearing was based upon "some evidence." Superintendent v. Hill, 472 U.S. 445, 455 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

8

**C. Objections**

Arias filed timely objections to the Report and Recommendation. (Objs., ECF No. 40.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review, the court was able to glean two specific objections. Specifically, Arias objects that the magistrate judge failed to apply the appropriate standard under Lennear to his procedural due process claims that the DHO failed to properly consider a second special investigative services ("SIS") incident report[6] and that the DHO failed to consider Winnick's written declaration in adjudicating its decision. (Objs. 2-18, ECF No. 40.)

As to the SIS report, the court finds that any error in failing to consider the report was harmless. First, the incident date listed on the SIS report refers to an incident that occurred on October 20, 2019, while the incident report relied upon by the DHO in reaching its decision refers to an incident that occurred on October 15, 2019. (§ 2241 Pet. Ex. F (SIS Report), ECF No. 1-1); (Id. Ex. A (Incident Report), ECF No. 1-1.) Arias asserts that "[a]lthough the Superseding Incident Report refers to an incident dated October 20, 2019, this is an error as she

---

[6] Arias refers to the second incident report interchangeably as a "SIS Supplemental Investigative Report," "Superseding Incident Report," and "Special Investigative Services (SIS) investigation report." (§ 2241 Pet. Ex. F (SIS Report), ECF No. 1-1); (Objs. 6 n.3, ECF No. 40); (Id. 7, ECF No. 40.)

9

was referring to the same incident at issue here dated October 15, 2019." (Objs. 6 n.3, ECF No. 40.) However, nothing in the record supports this allegation.

To the contrary, in his petition, Arias states that "[t]he reduced charges under Codes 316 and 498 had already been adjudicated in a **separate** Unit Discipline Committee Proceeding . . . ." (§ 2241 Pet. 6 n.1, ECF No. 1) (emphasis added). In addition, the SIS report reflects that the UDC did not refer the October 20, 2019 incident to the DHO, while the incident report concerning the October 15, 2019 incident indicates that the matter was referred to the DHO. (Id. Ex. F (SIS Report), ECF No. 1-1); (Id. Ex. A (Incident Report), ECF No. 1-1.) Finally, the DHO report states that Arias did not attempt to present any documentary evidence, to include the SIS report, for consideration. (Mem. Supp. Summ. J. Ex. 1D (DHO Report 2), ECF No. 10-5.) Accordingly, to the extent that the SIS report refers to the October 15, 2020 incident, Arias failed to timely request consideration of the report. Piggie v. McBride, 277 F.3d 922, 925 (7th Cir. 2002) ("We agree that if [an inmate] fails to make such a request either before or at the hearing, then the [disciplinary committee] could not have denied him due process by not considering the request.").

Arias also asserts that the DHO failed to consider Winnick's written declaration during his hearing. (Objs. 6, ECF No. 40.) However, the DHO report, and the decision of the Central Office denying Arias' appeal, both indicate that Arias did not present any documentary evidence. (Id. Ex. 1D (DHO Report 2), ECF No. 10-5.); (§ 2241 Pet. Ex. D (Central Office Appeal), ECF No. 1-1.) Moreover, the DHO permitted the witness to testify in person and considered his testimony in making its determination. Accordingly, the court finds that any

error in failing to consider the written declaration was harmless because this evidence was cumulative to Winnick's in-person testimony.

In addition to his objections to the magistrate judge's recommendation as to his § 2241 petition, Arias objects to the magistrate judge's denial of his motion for leave to conduct discovery. (Objs. 18, ECF No. 40); (Order Denying Discovery, ECF No. 36.) An objection to a magistrate judge's order denying discovery is reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rules Governing 2254 Cases, Rule 6(a).[7] "Such 'good cause' will exist when 'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" Wolfe v. Johnson, 565 F.3d 140, 165 n. 36 (4th Cir.2009) (quoting Bracy, 520 U.S. at 908-09) (omissions in original).

Arias has failed to demonstrate that the magistrate judge clearly erred in denying his motion. Arias asserts that he shown good cause because the documents sought "will show that [he] did not commit any sexual assault against Ms. Mirabal and there was no evidence of the same." (Objs. 20, ECF No. 40.) The magistrate judge found that Arias failed to show good cause to conduct discovery because the DHO's decision was based on "some evidence." (Order Denying Discovery 4, ECF No. 36); Hill, 472 U.S. at 455. "Ascertaining whether this standard

---

[7] "The district court may apply any or all of these rules to a[ny] habeas corpus petition . . . ." Rules Governing 2254 Cases, Rule 1(b).

11

is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence." Id. The DHO satisfied the minimal due process requirements, reviewing all of the evidence before it at the hearing and determining that the greater weight of the evidence demonstrated that Arias had committed the prohibited act. (Mem. Supp. Summ J. Ex. 1D (DHO Report 2), ECF No. 10-5.) Accordingly, this objection is without merit.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 10, is granted. It is further

**ORDERED** that a certificate of appealability is denied because Arias has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 22, 2022

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.